UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:20-cr-79-SPC-KCD

WILLIAM EARL SIEBERT

---

**OPINION AND ORDER**[1]

Before the Court is pro se Defendant William Siebert's Motion for Clarification or Reconsideration (Doc. 109), along with the Government's opposition (Doc. 111). For the below reasons, the Court denies the Motion.

On November 9, 2022, the Court sentenced Defendant to seventy months' imprisonment. (Doc. 107). The Bureau of Prisons ("BOP") has projected Defendant's release date to be February 1, 2027. (Doc. 109-1 at 2). In calculating the date, the BOP gave Defendant nine months' jail credit: February 12, 2022, to November 8, 2022. (Doc. 109-1 at 2). But Defendant wants more. (Doc. 109 at 2). As best the Court can tell, he believes the BOP should also credit him for time he served on a related state court offense for burglary and possessing a firearm/ammunition as a felon. (Doc. 93 at 11-12).[2]

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

[2] When this Court sentenced Defendant, he had served his sentence for the related state court offense. (Doc. 93 at 2, 12). To be clear, the state sentence expired on February 11, 2022. Up

He thus asks the Court "to enter an order clarifying the facts surrounding his sentence and its computation by the BOP and making the intent of the Court known." (Doc. 109 at 4).  The Court declines to do so, and here's why.

The Motion is procedurally insufficient.  Because Defendant challenges the execution of his sentence, he must file a civil action under 28 U.S.C. § 2241 in the district court where he is currently incarcerated.  *See Bishop v. Reno,* 210 F.3d 1295, 1304, n.14 (11th Cir. 2000).  So seeking relief through his criminal case and in the Middle District of Florida is improper.

Even if the Motion were procedural sound, the relief Defendant seeks is not ripe.  "[T]he responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts." *United States v. Roberson,* 746 F. App'x 883, 885 (11th Cir. 2018) (citing *United States v. Wilson,* 503 U.S. 329, 330 (1992)).  Calculating credit for time served is an administrative function, and federal regulations give prisoners administrative avenues to challenge the BOP's computation of their credits.  *See id.* (citing 28 C.F.R. §§ 542.10–542.19).  Because the BOP calculates a prisoner's credit towards his federal sentence, a dissatisfied inmate "must pursue the administrative remedy available through the federal prison system before

---

until that point, Defendant had been in the State of Florida's custody and merely borrowed by this Court via the Writ of Habeas Corpus ad Prosequendum. (Doc. 93 at 1-2). That's likely why the BOP started calculating Defendant's jail credit on February 12, the day after the state court sentence expired.

2

seeking judicial review of his sentence." *Id.* (internal quotations and citation omitted).

Although Defendant claims to have "begun exhausting administrative remedies," all he provides is a receipt. (Doc. 109-7 at 1). And the receipt only acknowledges that Defendant asked about his sentence computation four weeks ago. It also shows that Defendant filed this Motion before the prison's deadline to respond to his inquiry. Because Defendant has no evidence that he has exhausted his administrative remedies in challenging the BOP's sentence-credit calculation, his request for judicial intervention is not ripe.

Accordingly, it is now

**ORDERED:**

Defendant William Earl Siebert's Motion for Clarification or Reconsideration (Doc. 109) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on April 3, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:   Defendant
          Counsel of Record