UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:20-cr-79-SPC-KCD

WILLIAM EARL SIEBERT

## ORDER

Before the Court are Defendant William Siebert's pro se Request for Reduction in Sentence (Doc. 121) and the Government's response (Doc. 123). For the below reasons, the Court denies the motion.

Defendant is serving a seventy-month sentence for possessing an unregistered destructive device. (Doc. 107). He has served less than half his sentence and is expected to be released in 2.5 years. But Defendant now moves the Court to "reduce [his] sentence from 70 to 60 months to be served immediately at the RRC or in Home Confinement" because of "his mother's rapidly failing health, the absence of any other family to care for his mother or handle family estate/probate issues[.]" (Doc. 121 at 1).

A court may not change a term of imprisonment once it has been imposed except sometimes. 18 U.S.C. § 3582(c); *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). One circumstance is known as "compassionate release," and it lets a court to reduce a defendant's term of imprisonment if three conditions are met: (1) an extraordinary and compelling reason supports

justifying a reduction; (2) a sentence reduction follows the U.S. Sentencing Commission's policy statement in U.S.S.G. § 1B1.13; and (3) the 18 U.S.C. § 3553(a) factors[1] support early release. *See United States v. Harris*, 989 F.3d 908, 909-10 (11th Cir. 2021). All three are required: "the absence of even one would foreclose a sentence reduction." *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021).

The Sentencing Commission's policy statement on compassionate release requires that the defendant "not [be] a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2); *United States v. Bryant*, 996 F.3d 1243, 1251, 1262 (11th Cir. 2021). It also identifies circumstances that qualify as extraordinary and compelling reasons. One is the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent. § 1B1.13(b)(3)(C).

According to Defendant, his "mother" is an amputee who was diagnosed with "Dementia/Alzheimer's" last summer and is rapidly declining. (Doc. 121

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

at 4). He says only he can care for her because his father and brother are dead. *See* (Doc. 93 at ¶ 56). But snags underpin Defendant's motion.

First, Defendant seeks compassionate release to care for his stepmother—not his mother. His biological mother died in 2007, and his father remarried two years later. (Doc. 93 at ¶¶ 52-53). And it's the second wife, Barbara, for whom Defendant seeks early release to provide care. Although it is unclear whether a stepparent falls under § 1B1.13(b)(3)(C)'s definition of "parent," the Court will assume (without deciding) it does for Defendant's benefit and because there are other reasons to deny his motion.

Second, Defendant provides no supporting documentation about his stepmother's condition or care. Recognizing this pitfall, he says he and "various BOP staff" tried calling the hospital to get his stepmother's health records, but it would not release them without her signature, which she cannot provide. (Doc. 121 at 4). But Defendant's words alone on his verbal efforts to get documents is not enough. Even if they were, he still provides no supporting documentation he is her only available caregiver. Although Defendant says his father and brother are dead, he mentions nothing about his stepmother's family who may offer her care. So Defendant has not quite shown an extraordinary and compelling circumstance to justify early release.

Even if Defendant had an extraordinary and compelling circumstance, the § 3553(a) factors still weigh against any sentence reduction. Defendant is

3

imprisoned for making a shrapnel-laden pipe bomb to commit suicide. That's not all. The bomb was found after police arrested him for driving under the influence after he crashed his car. He also used stolen black powder to make the bomb. And Defendant is no stranger to prison. Before this offense, he served a twenty-five-year state sentence for second-degree murder and armed robbery. (Doc. 93 at 10). Only a couple of years lapsed between him being released from state prison and committing this offense.

At bottom, letting Defendant avoid serving his sentence as originally imposed would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. 18 U.S.C. § 3553(a)(2). Defendant also remains a danger to the safety of the community. The Court thus stands by the original sentence imposed as sufficient but not greater than necessary to achieve the purposes of sentencing.

Accordingly, it is **ORDERED**:

Defendant William Siebert's Request for Reduction in Sentence (Doc. 121) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on April 4, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:   Defendant William Siebert

4

Counsel of Record